IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRACE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-2638-JAR-DJW |
| ) | |
| KANSAS STATE UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court on the Motion to Stay Discovery (ECF No. 14) filed by Defendants Kansas State University and KSU Officials Dr. Duane W. Crawford, Dr. James A. Guikema, Dr. James W. Neill, Ms. Heather Reed, Dr. Carol W. Shanklin, and Dr. Haiyan Wang (the "University Defendants"). Defendants move for a stay of all Rule 26-related activities, including the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), the scheduling conference, discovery, and all other Rule 26 activities pending resolution of their Motion to Dismiss. Plaintiff has not filed a response to the motion, and the time for filing any response has passed. For the reasons set forth below, the motion is granted.

**I.      Background**

Plaintiff Grace Lee brings this lawsuit against Defendants Kansas State University (KSU) and KSU Officials Dr. Duane W. Crawford, Dr. James A. Guikema, Dr. James W. Neill, Ms. Heather Reed, Dr. Carol W. Shanklin, and Dr. Haiyan Wang in both their individual and official capacities. In her complaint, Plaintiff alleges she was dismissed from her graduate position with the Department of Statistics, and subsequently, from the KSU Graduate School, in retaliation for filing a formal grievance against her former "major professor," who had supervised her doctoral

research.[1]  Plaintiff alleges Defendants' actions violate her First and Fourteenth Amendment rights under 42 U.S.C. § 1983, specifically the due process clause, both in terms of process and substance.[2]  Additionally, Plaintiff argues Defendants' actions in dismissing the Plaintiff constitute a breach of contract, retaliatory discharge, intentional infliction of emotional distress, negligent infliction of emotional distress, fraudulent misrepresentation and civil conspiracy.

In their Motion to Dismiss, the University Defendants argue that Lee's claims are precluded by the Eleventh Amendment.  More specifically, Defendants contend that the Eleventh Amendment doctrine of sovereign immunity bars all claims against Kansas State University, a state entity, and the official-capacity claims against KSU Officials.[3]  Additionally, Defendants argue that state officials, sued in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983 liability.[4]

## II. Standards for Ruling on a Motion to Stay Discovery and Immunity under the Eleventh Amendment

The Court has great flexibility in determining the time, manner and scope of discovery.  Such flexibility allows the Court to create a discovery plan which best serves the interests of justice.  The ability of the Court to impose appropriate limits on discovery is recognized in Fed. R. Civ. P. 26(b)(2).  The Court has the authority to tailor the discovery schedule to specifically fit the needs of a particular case.[5]  This is all under the general purview and mandate of Fed. R. Civ. P. 1, that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

---

[1] ECF No. 1 – Complaint at 3.
[2] *Id*.
[3] Defs.' Mot. to Dismiss (ECF No. 12) at 1 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).
[4] *Id.*
[5] *See* Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); Fed. R. Civ. P. 16(b)(3) (recognizing the Court's authority in a scheduling order to modify the timing of initial disclosures, to modify discovery, to set dates for pretrial conferences and to include "other appropriate matters").

The general policy in this district is not to stay discovery pending a ruling on a dispositive motion.[6] However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided… where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[7] The United States Supreme Court has recently stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953-54 (2009), a case fairly closely on point, that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses.

### III.     Discussion

After carefully reviewing Plaintiff's complaint and Defendants' motion in light of the appropriate circumstances for granting a stay as articulated in *Wolf*, the Court finds that all three of the circumstances described in the *Wolf* decision are evident in the matter at hand. The University Defendants' Motion to Dismiss and supporting Memorandum urges dismissal on grounds including Eleventh Amendment Immunity. Eleventh Amendment immunity is in the nature of a jurisdictional bar.[8] Denial of Eleventh Amendment immunity is so fundamental that it is an immediately appealable order to the Tenth Circuit.[9] A stay of discovery is appropriate because a ruling on the Motion to Dismiss will likely conclude Plaintiff's action and because discovery will not provide any information that could possibly affect the outcome of the ruling

---

[6] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[7] *Id*.
[8] *Edelman v. Jordan*, 415 U.S. 651, 678 (1974); *AMISUB (PSL), Inc. v. Colorado Dept. of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir. 1989) ("In essence, the fundamental principle of sovereign immunity embodied in the Eleventh Amendment limits the grant of federal jurisdiction in Article III.") (citing *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 472 (1987) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).
[9] *Puerto Rico Aqueduct Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143 (1993).

on the University Defendants' Motion to Dismiss. The issues raised in the Motion to Dismiss are questions of law, not of fact.

The Court finds that until the dispositive legal issues raised in the Motion to Dismiss are resolved, discovery and other Rule 26 activities in Plaintiff's case would be wasteful and burdensome to the Court and all parties involved.[10] Because the Court finds merit in the relief requested, the Court will grant the University Defendants' motion, and thereby grant a stay of discovery. The stay imposed will extend until the trial judge has ruled upon all motions to dismiss currently pending, or by further order of the Court.

**IT IS THEREFORE ORDERED** that the University Defendants' Motion for Stay of Discovery (ECF No. 14) is granted.

Dated in Kansas City, Kansas on this 7th day of December, 2012.

> s/ David J. Waxse
> David J. Waxse
> United States Magistrate Judge

---

[10] *See Wolf*, 157 F.R.D. at 495 (citing *Kutilek v. Gannon,* 132 F.R.D. 296, 297-98 (D. Kan. 1990) and Fed. R. Civ. P. 1; 16 (recognizing the Court's right to control discovery-related activities)).