IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRACE LEE, | ) |
|                 Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 12-2638-JAR-DJW |
| DR. CAROL W. SHANKLIN, et al., | ) |
|                 Defendants. | ) |

**PROTECTIVE ORDER**

As per this Court's Scheduling Order (Doc. 26), and the parties' Report of Planning Conference, at this time the scope of discovery in this action is limited to the issue of qualified immunity, <u>i.e.</u>, whether the individual official defendant's conduct in dismissing or discontinuing Plaintiff Grace Lee from the Kansas State University Graduate School on May 31, 2012, violated clearly established law of which he or she as a reasonable official would have known. Defendants will also seek discovery from Plaintiff regarding her knowledge of the University's academic requirements, including but not limited to her knowledge of the major professor requirement, as well as Plaintiff's efforts to gain a replacement major professor and to avail herself of available processes. The qualified immunity issue will be the subject of a dispositive motion and likely Tenth Circuit appeal by the non-prevailing party.

The Court's June 7, 2013, Memorandum and Order (Doc. 21), dismissed Kansas State University from this action and also dismissed all counts and claims with the exception of the claim in Count I of the Complaint that the May 2012 dismissal violated Lee's procedural due process rights; the Court framed the remaining issue as whether the reasons for the dismissal were academic as stated, or disciplinary/retaliatory in nature. According to Count I, only two individual defendants personally participated in the dismissal: Dr. James Neill, who proposed the dismissal on May 9, 2012 and Dr. James Guikema, who "ratified" the dismissal on May 31,

2012. Given this Court's June 7, 2013 Memorandum and Order (Doc. 21) narrowing the scope of this action to Count I, broader discovery on all of the issues of the original ten-Count Complaint would be wasteful and burdensome.

In addition, as this Court has recognized, qualified immunity is immunity from discovery and the burdens of discovery as well as from liability. *See, e.g., Stewart v. City of Prairie Village, KS,* 12-CV-2185-JAR, 2012 WL 5266113 (D. Kan., Oct. 24, 2012) (U.S. Magis. D. Kan. Waxse); *Siegert v. Gilley,* 500 U.S. 226 (1991). Hence, good cause as per Fed. R. Civ. P. 26(b) and (c), exists to limit discovery to those facts, if any, necessary to determine the qualified immunity issue raised on behalf of the individual defendants, Dr. Neill and Dr. Guikema.

Furthermore, protection of identified categories of confidential information is necessary because discovery propounded by Plaintiff and Defendants may require the disclosure of confidential, personal, private and/or proprietary information pertaining to the disclosing party(ies) that the disclosing party contends and/or may contend is privileged, confidential, private and/or not relevant to any issue in this civil action. In addition, it is possible discovery may require the disclosure of confidential, personal, private and/or proprietary information, including copyrighted material, pertaining to Kansas State University, its employees or students, which ordinarily would be kept confidential and not disclosed by university officials.

While it may also be necessary to restrict disclosure of certain documents as related to employees or students of Kansas State University in order to ensure the protection of employee or student privacy, disclosure of certain such information between counsel and parties may be necessary to the case development process. During the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. Certain categories of such information should be treated as confidential, protected from disclosure

outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. Hence, a Protective Order is sought to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

While university officials do not seek protection of the names of university employees, dates of their employment, nor their job titles, the University does treat as confidential information provided to it by employees in employment applications, information maintained in confidential personnel files, and information concerning employees' compensation to the extent the information is not generally applicable to all employees. Likewise, information reflected outside of employee's personnel files but concerning discipline, employee concerns, investigations, and reasons for termination are treated as confidential. Public disclosure of confidential disciplinary actions, employee concerns, investigations, reasons for termination, medical records and compensation records as well as other confidential information contained in personnel files may cause embarrassment and/or financial or competitive harm to an individual who is the subject of such information.

This Court recognizes that personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination. *Williams v. Board of County Comm'rs of the Unif'd Gov't*, No. 9802485-JTM, 2000 WL 133433, *1 (D. Kan. Jan. 21, 2000) (citing *Dahdal v. Thorn Americas, Inc.*, No. 97-2119-GTV, 1997 WL 599614, *1 (D. Kan. Sept. 15, 1997)). Where individuals are not party to the action and are not charged with wrongdoing, the Court should make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations. *Kelly v. City of New York*, No. 01 Civ. 8906 (AGSDF), 2003 WL 548400, *1 (S.D. N.Y. 2003) (granting motion for protective order as it applied to non-party employees).

This Court also recognizes that student records are protected by law and are not disclosed or disseminated except in accordance with law. Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Pt. 99; in particular, the regulations do not allow disclosure of personally identifiable student record information without prior notice and consent, *see, e.g.,* 34 CFR Pt. 99.31, or an order of the Court. *Interscope Records v. Does 1-14*, 558 F. Supp. 2d 1176, 1180 (D. Kan. 2008) (citing *Warner Bros. Records Inc. v. Does 1-6,* 527 F. Supp. 2d 1, 3 (D.D.C.2007) (citing 20 U.S.C. § 1232g(b)(2)(B)).

The Protective Order shall govern all proceedings in this action. The need for a Protective Order may be addressed again with the Court if necessary.

To expedite the flow of discovery material within the agreed upon limited scope of discovery regarding the qualified immunity issue, facilitate the prompt resolution of disputes over confidentiality and the scope of discovery, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, for good cause shown under Fed. R. Civ. P. 26(c), the court grants the Request for Protective Order and hereby enters the following Protective Order:

**1. Scope of Initial Disclosures and Discovery:** Until further order of the Court, initial disclosures and discovery, including but not limited to interrogatories, requests for production, requests for admission and deposition questions, shall be limited to: (1) whether Lee's dismissal was proposed on May 9, 2012 for any reason other than her failure to have a major professor to supervise her Ph.D. research as stated; and (2) whether there was any reason other than the May 9, 2012, recommendation of the Statistics Department why Dr. Guikema issued the May 31, 2012 letter dismissing Lee from the graduate school. Because only the dismissal is at issue in Count I, and because of Lee's theory that her dismissal was in retaliation for her March 18, 2012

grievance, the time frame for initial disclosures and discovery, including but not limited to email, shall be from March 1, 2012 through July 31, 2012.

Defendants may also seek discovery from Plaintiff regarding her knowledge of the University's academic requirements, including but not limited to her knowledge of the major professor requirement, as well as Plaintiff's efforts to gain a replacement major professor and to avail herself of available processes.

    **2.**    **Scope of Order as to Confidential Information.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

    **A.**    **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: personnel files; personal, educational, medical, psychological or financial information produced by plaintiff or any individual named as a defendant, materials subject to copyright protection, records whose disclosure is restricted or prohibited by statute,

5

including but not limited to information relating to students other than plaintiff (to the extent such information may be produced consistent with law), and non-public information regarding disciplinary or grievance proceedings. Information or documents that are available to the public may not be designated as Confidential Information.

      **B.**      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

      **C.**      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is

asserted within 15 days after discovery of the inadvertent failure.

      **D.**      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

      **E.**      **Protection of Confidential Material.**

      **(1)**      **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      **(2)**      **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

    (1)    The parties to this litigation, including any employees, agents, and representatives of the parties;

    (2)    Counsel for the parties and employees and agents of counsel, including the Kansas Attorney General's Office Civil Litigation Division, the General Counsel's Office of Kansas State University, and Cohen, McNeile & Pappas, P.C.;

    (3)    The court and court personnel, including any special master appointed by the court, and members of the jury;

    (4)    Court reporters, recorders, and videographers engaged for depositions;

    (5)    Any mediator appointed by the court or jointly selected by the parties;

    (6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)   Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)   The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)   Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)  Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(3)   **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

F.   **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal

by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**G.     Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**H.     Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties shall attempt in good faith to remove the designation of "confidential" with respect to deposition

transcripts and exhibits thereto to the greatest extent possible. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

    **I.**    **Obligations on Conclusion of Litigation.**

    **(a)**    **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    **(b)**    **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    **(c)**    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This

work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

K.  **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

L.  **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

M.  **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

N.  **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

O. **Miscellaneous.**  Nothing in this Protective Order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential

Material. Nothing in this protective order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

**P.     Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a parties claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: _____          _____
                                  United States Magistrate Judge

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, _____, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____     _____
                              Signature

| | |
|---|---|
| _____ | _____ |
| Signature | Signature |
| | |
| _____ | _____ |
| Printed Name | Printed Name |
| | |
| Counsel for: _____ | Counsel for: _____ |
| | |
| Dated: | Dated: |