UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRACE LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-2638-JAR-TJJ |
| | ) |
| DR. CAROL W. SHANKLIN, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court has before it the Motion to Stay Discovery and Other Rule 26 Activities (ECF No. 32). Defendants Dr. Carol W. Shanklin, Dr. Duane W. Crawford, Dr. Haiyan Wang, and Heather M. Reed (collectively, the "Shanklin Defendants") request an order staying discovery and all Rule 26-related activities as to them until their Motion to Dismiss (ECF No. 30) is resolved. Plaintiff Grace Lee opposes the relief requested. For the reasons set forth below, the Court concludes that the Motion to Stay Discovery and Other Rule 26 Activities should be granted.

**I.   Nature of the Matter Before the Court**

Plaintiff brings this lawsuit against Defendants based on alleged violations related to her dismissal from the Graduate School of Kansas State University. On June 7, 2013, upon all Defendants' motion, the Court dismissed all claims in Plaintiff's Complaint against all Defendants except for Count I alleging violation of procedural due process pursuant to 42 U.S.C.

§ 1983 against Defendants in their individual capacities.[1]

Thereafter, the Shanklin Defendants filed the pending motion to dismiss, arguing that the remaining Count I fails to state a plausible claim for relief under 42 U.S.C. § 1983 against them, and that they are entitled to dismissal based on their asserted affirmative defense of qualified immunity. That motion is fully briefed and ready for ruling.[2] The Shanklin Defendants filed the instant motion requesting a stay of discovery contemporaneously with the motion to dismiss. They assert that all discovery related to the remaining claim against the Shanklin Defendants should be stayed until the Court resolves their motion to dismiss. They first argue that a stay of discovery is warranted under the factors set forth in *Wolf v. United States*.[3] They further argue that they are entitled to a stay of discovery until their asserted defense of qualified immunity is resolved. The Court concludes that the motion should be granted based on the Shanklin Defendants' asserted defense of qualified immunity, and as a result the Court does not need to address whether a stay is warranted under the *Wolf v. United States* factors.

## II. Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[4] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5] Therefore, as a general rule, the District of Kansas does not favor staying pretrial proceedings even though

---

[1] Mem. and Order at 25 (ECF No. 21).
[2] See Pl.'s Resp. in Opp'n (ECF No. 42); Defs' Reply Mem. in Supp. (ECF No. 44).
[3] 157 F.R.D. 494, 495 (D. Kan. 1994).
[4] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).
[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

dispositive motions are pending.[6] An exception is made however when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[7]

It is well settled that a defendant is entitled to have a question of immunity resolved before being required to engage in discovery and other pretrial proceedings.[8] Qualified immunity "spare[s] a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[9] Further it is "an immunity from suit rather than a mere defense to liability[,] and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."[10]

**III.     Application of the Standard to this Case**

The Shanklin Defendants argue that they are entitled to a stay of discovery as a matter of law until the motion to dismiss asserting a qualified immunity defense on their behalf is resolved. Plaintiff responds that discovery should not be stayed because her Complaint alleges facts showing that the Shanklin Defendants were personally involved in the unconstitutional dismissal of Plaintiff. Plaintiff further argues that the Court has already denied a prior motion to dismiss made by all Defendants, and that prior motion raised nearly identical qualified immunity arguments as those made in the instant motion.

---

[6] *McCoy*, 2007 WL 2071770, at *2; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).
[7] *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).
[8] *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (until the threshold immunity question is resolved, discovery and other pretrial proceedings should not be allowed); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for stay of discovery until the immunity issue is resolved).
[9] *Siegert*, 500 U.S. at 232.
[10] *Id.* at 233 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Plaintiff's position disregards well settled law stating that where a defendant raises a qualified immunity defense, discovery should be stayed until that defense is resolved.[11] As for her arguments that her Complaint alleges facts showing that the Shanklin Defendants were personally involved in the unconstitutional dismissal of Plaintiff, and that the Court has already ruled that qualified immunity is not applicable in this case, those arguments go to the substance of the asserted defense, and will have to be addressed in the briefing and resolution of the underlying motion to dismiss. The Court therefore concludes that the Motion to Stay Discovery should be granted as to the Shanklin Defendants, pending a ruling on the motion to dismiss.

**IT IS THEREFORE ORDERED THAT** the Motion to Stay Discovery and Other Rule 26 Activities (ECF No. 32) is granted. All discovery is hereby stayed as to Defendants Dr. Carol W. Shanklin, Dr. Duane W. Crawford, Dr. Haiyan Wang, and Heather M. Reed until such time as the Court rules on the Motion to Dismiss (ECF No. 30).

**IT IS SO ORDERED.**

Dated this 14th day of March, 2014 at Kansas City, Kansas.

s/ Teresa J. James  
Teresa J. James  
U.S. Magistrate Judge

---

[11] *Saleh v. Ray*, 107 Fed. Appx. 865, 867 (10th Cir. 2004) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)).