# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GRACE LEE,                                )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )          Case No. 12-CV-2638-JAR-TJJ
                                          )
DR. CAROL W. SHANKLIN, et al.             )
                                          )
                        Defendants.       )

## MEMORANDUM AND ORDER

The Court has before it the Motion for Protective Order (ECF No. 34).  Defendants Dr.

James W. Neill and Dr. James A. Guikema move for entry of their proposed protective order

(ECF No. 34-1) governing initial disclosures and discovery as to them in this action pursuant to

Fed. R. Civ. P. 26(c).  Plaintiff Grace Lee requests that the motion be denied, based upon her

objections to some, but not all, aspects of the proposed protective order.  For the reasons set forth

below, the Court concludes that the Motion for Protective Order should be granted as unopposed

in part and denied in part.

## I.      Nature of the Matter Before the Court

On September 28, 2012, Plaintiff filed her ten-count Complaint against all Defendants

based on alleged violations related to her dismissal from the Graduate School of Kansas State

University.  On June 7, 2013, upon all Defendants' motion to dismiss, District Judge Julie A.

Robinson dismissed all claims in the Complaint except for Count I, alleging violation of

procedural due process pursuant to 42 U.S.C. § 1983 against Defendants in their individual

capacities.[1]  On December 9, 2013, Defendants Neill and Guikema filed the instant motion for protective order.  On December 20, 2013, Neill and Guikema served their Initial Fed. R. Civ. P. 26(a)(1) Disclosures.[2]  On January 17, 2014, Neill and Guikema served their First Interrogatories, First Request for Production, and First Requests for Admission to Plaintiff.[3]  On January 20, 2013, Plaintiff served her First Requests for Production of Documents and First Interrogatories on all Defendants, including Neill and Guikema.[4]  Neill and Guikema's responses to Plaintiff's discovery are due ten days after the Court rules on the instant motion.[5]

Neill and Guikema seek an order governing and limiting the scope of initial disclosures and discovery as to them in this action.  They first assert that the scope of discovery should be limited solely to Count I against them in their individual capacities, the only remaining claim, arguing that discovery as to all ten Counts in the original complaint would be wasteful and unduly burdensome.  They further argue that discovery should also be limited to the issue of their asserted affirmative defense of qualified immunity.  In their proposed protective order, Neill and Guikema seek specifically to limit the scope of discovery to the following issues:

> (1) whether Lee's dismissal was proposed on May 9, 2012 for any reason other than her failure to have a major professor to supervise her Ph.D. research as stated; and (2) whether there was any reason other than the May 9, 2012 recommendation of the Statistics Department why Dr. Guikema issued the May 31, 2012 letter dismissing Lee from the graduate school.[6]

---

[1] Mem. and Order at 25 (ECF No. 21).
[2] Notice of Service (ECF No. 40).
[3] Notice of Service of Disc. (ECF No. 45).
[4] Certificate of Service (ECF No. 46) (Plaintiff's discovery requests were resent to all Defendants on Jan. 22, 2014 per the Am. Certificate of Service (ECF No. 48)).
[5] See Order Feb. 25, 2014 (ECF No. 53).
[6] Proposed Protective Order at *4 (ECF No. 34-1).

They also request that the time frame for initial disclosures and discovery be limited to a time frame from March 1, 2012 to July 31, 2012. In addition, Neill and Guikema request an order to protect as confidential certain information produced in discovery. Specifically, they propose the order should limit the use and disclosure of certain confidential documents that may be produced in discovery, including medical and psychiatric records, personnel records, educational records, financial information, materials subject to copyright protection, non-public information regarding disciplinary and grievance proceedings, and other records of which disclosure is restricted or prohibited by statute.

Plaintiff does not oppose the confidentiality provisions proposed by Neill and Guikema. Plaintiff also states that she only seeks discovery relevant to Count I against Defendants in their individual capacities and does not intend to seek discovery on the dismissed Counts. Plaintiff does, however, object to the specific limitations on the scope of discovery as to subject matter and time frame proposed by Neill and Guikema.

## II.      Legal Standard for a Protective Order

Pursuant to Fed. R. Civ. P. 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to show good cause.[7] To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[8] The decision to enter a protective

---

[7] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 534 (D. Kan. 2003).
[8] *Id.* (*quoting Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)).

order is within the court's discretion.[9]

### III.  Application of the Standard to this Case

Neill and Guikema argue that Judge Robinson's June 7, 2013 Order limited the issue on Count I to "whether the reasons for the dismissal were academic as stated (failure to have a major advisor to supervise Lee's Ph.D. research) or disciplinary/retaliatory."[10]  They assert that Plaintiff's theory is that she was dismissed from school in retaliation for her March 18, 2012 grievance letter.  Thus, they argue that the only relevant time frame for discovery is from March 18, 2012, the date of her grievance letter, to May 31, 2012, the date of her dismissal.  They propose a slightly broader time frame, from March 1, 2012 to July 31, 2012, which includes the time period after the dismissal within which Plaintiff could have applied for reinstatement.  Neill and Guikema further argue that apart from their proposed limitations as to discovery on Count I, the only additional discovery that should be allowed is in regard to their asserted defense of qualified immunity.

Plaintiff responds that the time frame proposed by Neill and Guikema is too narrow.  She alleges that she first attempted to file a grievance against her major professor in October of 2011.  This initial grievance, she alleges, was not investigated by Defendants.  According to Plaintiff the Defendants instead attempted a "compromise" by adding a co-major professor (Neill) to supervise Plaintiff.  She further alleges that the "compromise" resulted in retaliation against her and did not resolve her grievance, which ultimately led to her filing her second grievance in

---

[9] *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).
[10] Mem. in Supp. at *5 (ECF No. 35).

4

March of 2012. As such, she asserts that she is entitled to discovery dating from October 1, 2011, the date of her first grievance, through August 31, 2012, which is one month after her efforts to be readmitted were denied.

Plaintiff also argues that the limitation on subject matter proposed by Neill and Guikema misconstrues both Plaintiff's theory in this action and Judge Robinson's Order. Plaintiff asserts that her theory is that her dismissal is based on retaliation and punishment for a series of events that began in October 2011, when she made her first grievance to Defendants. As such, she asserts that discovery regarding the handling of her initial grievance, specifically Neill and Guikema's involvement, their decisions, the "compromise," and the effect of the initial grievance on her dismissal are all relevant to her theory. She also asserts that Judge Robinson's Order did not define the sole issue remaining in this case as whether the dismissal was rooted in only the March 18, 2012 grievance.

Plaintiff further argues that the time frame and subject matter limitations proposed by Neill and Guikema would not allow her to investigate their alleged qualified immunity defense. Specifically, Plaintiff argues that she should be allowed to investigate Neill and Guikema's work experience, experience in higher education, experiences with other graduate student dismissals, their knowledge of the school's policies regarding student due process rights, and their knowledge of and participation in Plaintiff's dismissal.

Upon review, the Court agrees with Plaintiff's assertion that the limitations as to the scope of discovery requested by Neill and Guikema are drawn too narrowly. First, as to the proposed time frame for discovery, Neill and Guikema assert that the only relevant time frame

for discovery is from March 18, 2012, the date of her grievance letter, to May 31, 2012, the date of her dismissal.  This argument disregards Plaintiff's allegations that her dismissal is based on retaliation and punishment for a series of events that began in October 2011, when she made her first grievance to Defendants.[11]  She further alleges that her initial grievance was not investigated, but rather a "compromise" solution was imposed.  According to Plaintiff, this "compromise" was unsuccessful in resolving her initial grievance, and allegedly worsened her situation, all leading to her second grievance in March 2012.

Further, Judge Robinson's Order does not appear to limit the time frame relevant to Count I.  Instead, the Order addressed the issue of whether Plaintiff's complaint alleges sufficiently that she was not afforded an appropriate level of due process before she was deprived of her protected property interest in her ongoing education.[12]  Judge Robinson concluded that this analysis involved a fact issue that could not be resolved by a motion to dismiss, and therefore denied the motion to dismiss Count I as to the Defendants in their individual capacities.  Judge Robinson's Order does not appear to limit the scope of Count I beyond the holding that the motion to dismiss Count I was denied as to the Defendants in their individual capacities, nor does it specifically address or limit the scope of future discovery efforts by the parties.  As a result, the time frame proposed by Neill and Guikema would limit Plaintiff's right to seek discovery that appears to be relevant to Count I.  Therefore, the Court

---

[11] Complaint at *6-8 (ECF No. 1).
[12] Mem. and Order at *15 (ECF No. 21).

does not find that Neill and Guikema have met their burden of showing that such discovery would be wasteful and burdensome.

Regarding the proposed limitations as to the subject matter of discovery, Neill and Guikema request that the scope be limited to the following issues:

> (1) whether Lee's dismissal was proposed on May 9, 2012 for any reason other than her failure to have a major professor to supervise her Ph.D. research as stated; and (2) whether there was any reason other than the May 9, 2012 recommendation of the Statistics Department why Dr. Guikema issued the May 31, 2012 letter dismissing Lee from the graduate school.[13]

To succeed on a procedural due process claim, an individual must prove two elements: first, that she possessed a constitutionally protected liberty or property interest such that the due process protections were applicable, and second, that she was not "afforded an appropriate level of process."[14] Neill and Guikema appear to be attempting to limit the scope of discovery to the sole question of whether Plaintiff's dismissal was for academic reasons or for disciplinary reasons. While this question might provide information as to the appropriate level of due process under the circumstances, it would not address the issue of whether Plaintiff was in fact afforded the appropriate level of due process. And as discussed previously, while this fact issue may have resolved the motion to dismiss as to Count I, Judge Robinson's Order did not appear to make any holding or impose any limitations beyond the ruling on the motion to dismiss. As such, the Court finds that Neill and Guikema have not shown good cause for their proposed limitation as to the subject matter of discovery regarding Count I.

---

[13] Proposed Protective Order at *4 (ECF No. 34-1).
[14] *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (quotation omitted).

Neill and Guikema propose the same limitation as to subject matter in light of their qualified immunity defense, arguing that discovery should be narrowly tailored to the issue of whether Neill or Guikema violated Plaintiff's constitutional rights. Judge Robinson's Order set forth the two-part burden when a defendant claims qualified immunity. The plaintiff must show (1) the defendant's violation of a constitutional right, and (2) that the "infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable official would have known that his or her challenged conduct was illegal."[15] Judge Robinson found that Plaintiff's Complaint alleges sufficient facts in support of her contention that Defendants violated her constitutional right to due process before she could be deprived of her property interest in continued enrollment and graduate education. The limiting language proposed by Neill and Guikema, however, focuses only on the issue of whether Plaintiff's dismissal was for academic reasons or for disciplinary reasons. Again, this issue only resolves the appropriate level of due process under the circumstances. As such, the limited scope as proposed would not allow Plaintiff to obtain discovery as to the issue of whether Neill or Guikema violated Plaintiff's rights by not affording her the appropriate level of due process, whatever that may be. As a result, the Court does not find good cause for the proposed limitation as to the scope of discovery based on Neill and Guikema's asserted defense of qualified immunity.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order (ECF No. 34) of Defendants Dr. James W. Neill and Dr. James A. Guikema is granted as unopposed in part and

---

[15] *Martinez v. Carr*, 479 F.3d 1292, 1295 (10th Cir. 2007).

denied in part.

First, the request for a protective order governing initial disclosures and discovery as to certain confidential information, including medical and psychiatric records, personnel records, educational records, financial information, materials subject to copyright protection, non-public information regarding disciplinary and grievance proceedings, and other records for which disclosure is restricted or prohibited by statute, is granted as unopposed and for good cause shown.  Defendants Neill and Guikema shall submit a revised copy of their revised proposed protective order which limits the use and disclosure of the proposed confidential information only, in Word format to ksd_james_chambers@ksd.uscourts.gov on or before March 21, 2014.

Defendant Neill and Guikema's remaining requests for relief, including their requests for a protective order limiting the scope of discovery as to subject matter and as to time frame as proposed, however, are hereby denied.

**IT IS SO ORDERED.**

Dated this 14th day of March, 2014 at Kansas City, Kansas.

<u>s/ Teresa J. James</u>
Teresa J. James
U.S. Magistrate Judge