IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRACE LEE, )
  )
    Plaintiff, )
  )
vs. ) Case No. 12-cv-2638-JAR-TJJ
  )
  )
KANSAS STATE UNIVERSITY, et al., )
  )
    Defendants. )

**MEMORANDUM AND ORDER**

The Court has before it a Motion to Withdraw as Plaintiff's Attorneys of Record (ECF No. 60) filed by attorneys Clifford A. Cohen and Austin B. Hayden of Cohen McNeile & Pappas, P.C. Counsel request that they be allowed to withdraw as attorneys of record for Plaintiff Grace Lee in this action. The deadline for filing a response to the Motion to Withdraw has passed and no response has been filed. As the relief requested would leave the client without counsel, movants must satisfy the requirements of D. Kan. Rule 83.5.5(a). Upon review, the Court concludes that the motion should be granted.

For the reasons stated in the Motion to Withdraw, good cause exists for counsel to withdraw. Counsel states that Plaintiff and Plaintiff's counsel have fundamental disagreement on matters essential to the continued prosecution of this action.[1] The motion includes as an attachment a letter from Plaintiff who states that she thinks counsel should be allowed to withdraw.[2]

---

[1] Counsel does not reveal the subject matter of the disagreement. Rule 83.5.5(a)(1)(A) recognizes that an attorney who seeks to withdraw is not to reveal information that would violate any applicable standards of professional conduct.

[2] *See* ECF No. 60-3. Plaintiff also states that she asked Mr. Cohen and Mr. Hayden to remain as her attorneys, but that she respects their free will to decline to do so.

Movants have shown that they mailed Ms. Lee a copy of the Court's Scheduling Order along with several other orders the Court entered between December 7, 2012 and August 20, 2014. Movants have also shown that they notified Ms. Lee that if she does not retain counsel, she will be personally responsible for complying with all orders of the court and time limitations established by the rules of procedure or by court order. The motion also contains a current mailing address and phone number for Ms. Lee. Finally, on September 5, 2014, movants served Ms. Lee with a copy of their Motion to Withdraw as Plaintiff's Attorneys of Record by certified mail, with return receipt requested.[3]

From the date of service of this Order on the parties to this action, no further notices, papers or pleadings are to be served upon withdrawing counsel. Until Plaintiff retains new counsel who has entered an appearance on her behalf, all further notices, papers or pleadings to Plaintiff Grace Lee shall be served on her at the following address:

>198 Mount Vernon Street
>Apt. S1
>Malden MA 02148

**IT IS THEREFORE ORDERED** that the Motion to Withdraw as Plaintiff's Attorneys of Record (ECF No. 60) is granted. Movants are hereby authorized to withdraw as counsel of record for Plaintiff Grace Lee in this case.

Dated this 24th day of September, 2014 in Kansas City, Kansas.

>s/ Teresa J. James
>Teresa J. James
>United States Magistrate Judge

---

[3] Although movants have not filed the certified mail receipt or an affidavit indicating that Ms. Lee received a copy of their motion to withdraw as required by D. Kan. R. 83.5.5(a)(4), the purpose of the rule has been satisfied with Ms. Lee's letter stating her belief that movants should be allowed to withdraw.