## Willoughby, M J.

| | |
|---|---|
| From: | Grace Lee [gracelee695@gmail.com] |
| Sent: | Friday, November 14, 2014 3:41 PM |
| To: | ksd_james_chambers@ksd.uscourts.gov; Grace Lee |
| Cc: | Willoughby, M J. |
| Subject: | Re: Lee v. Drs Guikema and Neill, 12-CV-2638-JAR-TJJ |

Dear Magistrate James,

I just want to clarify that the proposed pretrial order that Ms. Willoughby sent to you was a version that she didn't let me read before she sent. Many of my revisions were deleted by Ms. Willoughby apparently. But I summarized the disagreements in my previous email to you, and hope you could guide us on these issues.

Thanks
Grace

On Fri, Nov 14, 2014 at 11:24 AM, Willoughby, M J. <MJ.Willoughby@ag.ks.gov> wrote:

Magistrate James and Ms. Lee:

I don't agree with many of Ms. Lee's statements, but this is not the place to argue the matter.

Given that Ms. Lee would like to pursue additional discovery in the future, we are clearly not ready for a final pretrial conference as contemplated by Fed. R. Civ. P. 16(e).

Thank you.

M.J. Willoughby

Assistant Attorney General

Office of Kansas Attorney General Derek Schmidt

120 SW 10th Avenue, 2nd Floor

Topeka, KS 66612

(785)296-4085 phone

(785)291-3767 fax

MJ.Willoughby@ag.ks.gov



1

www.ag.ks.gov

This message and its contents and attachments may contain legally privileged information and is intended for the addressee only. If you have received this email in error, please notify me and delete the message immediately. Thank you.

**From:** Grace Lee [mailto:gracelee695@gmail.com]
**Sent:** Friday, November 14, 2014 10:05 AM
**To:** ksd_james_chambers@ksd.uscourts.gov; Grace Lee
**Cc:** Willoughby, M J.
**Subject:** Re: Lee v. Drs Guikema and Neill, 12-CV-2638-JAR-TJJ

Dear Magistrate James:

Ms. Willoughby hadn't been able to complete her "defendants' factual contentions" until 6:24PM on the due day for submitting Proposed Pretrial Order. She should not blame me for failure to complete the proposed pretrial order on time. In addition, in the first draft that Ms. Willoughby sent to me, Ms. Willoughby, a Defendants' counsel, filled in the "Plaintiff's Legal Claims" on my behalf without my consent, and asked me only to focus on the "Plaintiff's Contentions" section. I told her not to touch "Plaintiff's Legal Claims", but she kept editing it.

The disagreement on the proposed pretrial order centers on two issues:

1. Should the discovery be allowed to resume after the summary judgment is denied?

2. Is the "full discovery", i.e. the discovery after the summary judgment, limited only to the matter of Plaintiff's damage?

Ms. Willoughby referred to Judge Waxse's scheduling order (Doc. 26) to support her viewpoint on the discovery after the summary judgment. However, Judge Waxse's scheduling order only addresses the limited

discovery on the qualified immunity that has been completed in Fed. 20, 2014. Judge Waxse didn't mention anything regarding the discovery after the summary judgment in his order.

Regarding the first question "should the discovery be allowed to resume after the summary judgment is denied?", since this suit has lasted more than two years and only a two months limited discovery has been conducted, given the trial date set to Aug. 3, 2015, Plaintiff prays the court to allow the discovery resume as soon as possible after Defendants' motion for summary judgment is denied. If Defendants want to defer the full discovery, they can file a motion to stay discovery , as they have done twice in past two years.

Regarding the second question,  I believe the full discovery should not be limited only to the matter of Plaintiff's damage. In the past limited discovery on qualified immunity, Plaintiff submitted 16 requests for production to Defendant Dr. Guikema and 17 requests for production to Defendant Dr. Neill.. All requests were rejected.  Defendant Dr. Guikema rejected Plaintiff's Request for Production 1, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16  using the reason "it is not within the limited scope of discovery as to the qualified immunity issue" ; Defendant Dr. Neil used the same reason in support of his rejections to Request for Production 1, 3,  4, 5, 7, 8, 9, 11, 12, 13, 14, 15. If defendants believe all these issues were not in the scope of the past limited discovery, they must be in the scope of some discovery, which has to be the full discovery because it will be the only chance for Plaintiff to obtain these documents, including but not limited to her own student records in KSU, as well as the CIRT investigation in the process of dismissal of Plaintiff, so that she has a chance to obtain material facts surrounding Plaintiff's dismissal from KSU.

In addition, in Defendant's objections to request for production, defendants states, "if this case were to proceed to trial, including on the issue of Plaintiff's alleged damages, more and different discovery and documents would be needed and offered". Apparently, Defendants were not against in providing "more and different discovery and document", not limited to Plaintiff's alleged damage, in the full discovery before trial. However, when the full discovery is about to start after the summary judgment, Defendants changes tone and wants to limit the scope of the full discovery to Plaintiff's damage issue only, which is contradictory to their statement in their objection to request for production.

3

I don't think postponing the pretrial conference is necessary. If your honor could straighten up the two issues above, I believe both parties can come up with an agreed proposed pretrial order in time.

Thank you for your consideration.

Grace

On Thu, Nov 13, 2014 at 6:49 PM, Willoughby, M J. <MJ.Willoughby@ag.ks.gov> wrote:

Dear Magistrate James:

As ordered, please find a draft pretrial order in the above-referenced case.

In the process of preparing this pretrial order as per the Court's directive, it has become clear to me that the November 20, 2014 pretrial conference is premature.

Pursuant to the agreement between me and Ms. Lee's former counsel, discovery in this case was focused on the qualified immunity issue. This is reflected in Judge Waxse's scheduling order. Any other discovery was deferred as the qualified immunity issue would result in a dispositive motion and an immediate Tenth Circuit appeal. As we have argued previously in this case, qualified immunity is a defense to discovery, as well as to liability; hence, discovery, if allowed at all, is limited. Qualified immunity is subject to immediate appeal, if this motion is denied by the district court. This is the motion to be filed December 5, 2014.

Should the dispositive motion and the Tenth Circuit appeal not resolve the matter, this case will need another scheduling order, some additional discovery (although the parties disagree on that subject), and another pretrial conference and another pretrial order.

Therefore, my suggestion is that the November 20, 2014 pretrial be cancelled and the proposed pretrial order deferred.

4

If that suggestion is not accepted, Ms. Lee and I did make an effort to come up with the attached proposal which reflects many disagreements as per the instructions. I sent the draft to Ms. Lee at around 4:56 p.m. on Friday, November 7. Ms. Lee sent a draft back to me at 4:59 p.m. last night, November 12, after I had left the office. I began reviewing her comments today. We have gone back and forth on several drafts today. We have not been in agreement. Because of the press of time, Ms. Lee has not seen this final submitted draft, although she has seen basically everything except Defendants' Factual Contentions which I recently drafted after receiving Ms. Lee's factual contentions.

The final point I would make is that Ms. Lee wished to have her material submitted without alteration. However, I believe material covered by a protective order is included in her suggested draft. I can attempt to review this in detail prior to a pretrial conference, if held as scheduled, to see how we might deal with that issue in a public document. However, given the press of time, I have not had the opportunity to do that.

Thank you for your consideration.